1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10
11

PETER ELISARY,

Plaintiff,

12

v.

13
14

SAN FRANCISCO COUNTY JAIL,

Defendant.

15
16

Case No. 18-01800 BLF (PR)

**ORDER OF DISMISSAL**

17
18

Plaintiff, who was formerly in custody at the San Francisco County Jail, filed the

19

instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983.[1]  Plaintiff's motion for leave

20

to proceed *in forma pauperis* will be addressed in a separate order.

21
22

**DISCUSSION**

23

A.    **Standard of Review**

24

A federal court must conduct a preliminary screening in any case in which a

25

prisoner seeks redress from a governmental entity or officer or employee of a

26

governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any

27
28

[1] This matter was reassigned to this Court on April 17, 2018, after Plaintiff declined magistrate judge jurisdiction.  (Docket Nos. 6 & 9.)

1    cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

2    upon which relief may be granted or seek monetary relief from a defendant who is immune

3    from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally

4    construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

5    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

6    elements: (1) that a right secured by the Constitution or laws of the United States was

7    violated, and (2) that the alleged violation was committed by a person acting under the

8    color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

9    **B.    Plaintiff's Claims**

10   Plaintiff claims that on December 29, 2017, medical staff at the County Jail failed to

11   provide him with the proper medication during morning pill call at 8 am. (Compl. at 3.)

12   Plaintiff claims that when he notified them of the error, he was advised to "light a candle,

13   drink a lot of water and say a prayer." (*Id*.) Plaintiff claims he did not receive medical

14   attention again until 5:30 pm that night. (*Id.*) Liberally construed, Plaintiff appears to be

15   attempting to state a claim for deficient medical care.

16   Deliberate indifference to a prisoner's serious medical needs violates the Eighth

17   Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d

18   1050, 1059 (9th Cir. 1992), *overruled in part on other grounds by WMX Technologies, Inc.*

19   *v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A prison official violates the

20   Eighth Amendment only when two requirements are met: (1) the deprivation alleged is,

21   objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent

22   to the inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A

23   "serious" medical need exists if the failure to treat a prisoner's condition could result in

24   further significant injury or the "unnecessary and wanton infliction of pain." *McGuckin*,

25   974 F.2d at 1059 (citing *Estelle*, 429 U.S. at 104). A prison official is deliberately

26   indifferent if he knows that a prisoner faces a substantial risk of serious harm and

27   disregards that risk by failing to take reasonable steps to abate it. *Farmer*, 511 U.S. at 837.

28

2

1    Here, Plaintiff alleges a single incident where jail officials failed to provide his

2  morning medication.  However, he fails to allege sufficient facts to establish an Eighth

3  Amendment claim.  First of all, Plaintiff does not allege that he had a serious medical need

4  that required medication, without which he could suffer further significant injury.  *See*

5  *McGuckin*, 974 F.2d at 1059.  But even if Plaintiff were to allege a sufficiently serious

6  medical need, there is no indication that jail officials knew that Plaintiff would face a

7  substantial risk of serious harm and disregarded that risk by failing to take reasonable steps

8  to abate it, *i.e.*, provide proper medication.  *Farmer*, 511 U.S. at 837.  In fact, Plaintiff

9  states that he was provided medical attention later the same day.  Based on these

10  allegations, it cannot be said that jail officials acted with deliberate indifference to any

11  serious medical needs.  An amendment could not cure these deficiencies because Plaintiff

12  ultimately cannot state an Eighth Amendment deliberate indifference claim based on what

13  amounts to nothing more than an isolated incident of neglect.  *See O'Loughlin v. Doe*, 920

14  F.2d 614, 617 (9th Cir. 1990) (isolated occurrences of neglect may constitute grounds for

15  medical malpractice but do not rise to level of unnecessary and wanton infliction of pain).

16  Accordingly, Plaintiff's complaint must be dismissed, without leave to amend, for failure

17  to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915A(b)(1), (2).

18

19                                                    **CONCLUSION**

20    For the foregoing reasons, the amended complaint is **DISMISSED** for failure to

21  state a claim for which relief can be granted.

22    **IT IS SO ORDERED.**

23  **Dated:** ___9/12/2018_____

          BETH LABSON FREEMAN
24          United States District Judge

25

    Order of Dismissal
26  PRO-SE\BLF\CR.18\01800Elisary_dism(ftsac)

27

28                                                          3